# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **ARNELL JOHNSON,** | * |
| *Petitioner,* | * |
| v. | * Civil Action No. RWT 14-2044 |
|  | * (Related Criminal No. RWT 10-0447) |
| **UNITED STATES OF AMERICA,** | * |
| *Respondent.* | * |

## MEMORANDUM OPINION AND ORDER

Petitioner filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on June 20, 2014.[1] ECF No. 157. He challenges his conviction based on the Court's determination at sentencing that Petitioner was a career offender. *Id.*; ECF No. 120. On October 20, 2011, the Court sentenced Petitioner to a total of 334 months imprisonment and five years of supervised release for armed bank robbery, 18 US.C. § 2113(a), (d), and for the use, carrying, and brandishing of a firearm during a crime of violence, 18 U.S.C. § 924(c). ECF No. 119. On October 24, 2011, Petitioner appealed to the Court of Appeals for the Fourth Circuit, arguing that the Court erred in denying his motion to suppress evidence obtained during an inventory search of his vehicle. ECF No. 123. The Fourth Circuit affirmed his sentence and the Court's denial of the motion to suppress on August 12, 2012. ECF No. 148. On August 25, 2014, after filing the instant § 2255 Motion, Petitioner filed a Motion to Supplement Motion to Vacate Under 28 U.S.C. § 2255, asserting the additional argument that his prior drug

---

[1] The "mail box rule" applies to § 2255 motions. *Houston v. Lack*, 487 U.S. 266 (1988). Therefore, the relevant date for the Court's discussion here is when Petitioner placed the Motion in the prison's internal mailing system, which was presumably June 20, 2014, the date Petitioner signed the Motion, and not the date the Court received the Motion, which was June 25, 2014.

convictions no longer qualify as predicate offenses to support his career offender status. ECF No. 162. The case was stayed and further briefing suspended pending the issuance of the opinion of the Fourth Circuit in *Whiteside v. United States*. ECF No. 164. On September 11, 2017, the Court lifted the stay and ordered the Government to respond to Petitioner's Motion to Vacate and Motion to Supplement. ECF No. 182. The Government responded by filing a Motion to Dismiss Petitioner's Motion to Vacate on September 19, 2017. ECF No. 183. On December 1, 2017, Petitioner filed a Motion to Amend his Motion to Vacate (ECF No. 188) as well as a Motion to Suspend Response to the Government's Motion to Dismiss (ECF No. 189). The Court granted Petitioner's Motion to Suspend and ordered the Government to respond to Petitioner's Motion to Amend. ECF No. 190. The Court reserved setting the date by which Petitioner would need to respond to the Government's Motion to Dismiss. *Id.* The Government filed its Response in Opposition to Petitioner's Motion to Amend on December 11, 2017. ECF No. 191. The Court now considers Petitioner's Motion to Amend.

The Government argues that Petitioner's Motion to Amend should be denied as untimely because Petitioner's original Motion to Vacate is untimely. ECF No. 191 at 1. The Government also argues that the Motion to Amend should be denied based on futility. *Id.* at 2. For the following reasons, the Court preliminarily agrees with the Government that Petitioner's Motion to Amend is untimely because Petitioner's Motion to Vacate is likely untimely.

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a defendant files a direct appeal, the one-year limitations period begins to run when the time for filing a petition for certiorari with the U.S. Supreme Court expires, which is 90 days after the entry of the judgment of the court of appeals. *See*

*Clay v. United States*, 537 U.S. 522, 532 (2003); Sup. Ct. R. 13.1. Because Petitioner's sentence was affirmed by the Fourth Circuit on August 17, 2012, the time for filing a certiorari petition expired on November 15, 2012, and thus the limitations period for filing the Motion to Vacate expired on November 15, 2013.

Federal Rule of Civil Procedure 15(c) determines whether "an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Therefore, an amended pleading will be considered untimely if the original pleading is untimely.

Petitioner asserts that his filing of his Motion to Vacate on June 20, 2014 is excused under § 2255(f)(3) because the challenge to his conviction is based on the U.S. Supreme Court case *Descamps v. United States*, 133 S. Ct. 2276 (2013). ECF No. 157 at 4. Section 2255(f)(3) provides that the one-year limitation period shall run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Fourth Circuit has clarified that "to obtain the benefit of the limitations period stated in § 2255(f)(3), [a petitioner] must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3) that [the movant] filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.2d 396, 398 (4th Cir. 2012).

Under this standard, Petitioner cannot utilize § 2255(f)(3) to justify the late filing of his Motion to Vacate because *Descamps* did not establish a newly recognized right made retroactively applicable and thus does not excuse an untimely § 2255 motion. The courts of this

jurisdiction have repeatedly so held. *See, e.g.*, *Maddox v. United States*, No. CA DKC 14-1936, 2017 WL 4005697, at *2 (D. Md. Sept. 12, 2017); *Scott v. United States*, No. CR. RDB-14-1575, 2016 WL 3162766, at *3 (D. Md. June 7, 2016); *Randolph v. United States*, No. CIV. CCB-13-1227, 2013 WL 5960881, at *1 (D. Md. Nov. 6, 2013). Other circuits have also held the same. *See, e.g.*, *United States v. Morgan*, 845 F.3d 664, 667 (5th Cir. 2017) ("We agree with our sister courts that *Descamps* did not establish a new rule."); *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016) ("*Descamps* did not announce a new rule—its holding merely clarified existing precedent."); *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016) ("We agree with other circuits that the decision in *Descamps* was dictated by the general principles set forth in existing precedent and did not establish a new rule."); *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir. 2015) ("The Supreme Court did not announce a new rule in *Descamps*."). Furthermore, the Fourth Circuit in *United States v. Royal* stated that *Descamps* only "*clarified* whether courts may apply the modified categorical approach" under an indivisible statute, implying that the case did not create a new rule. *See United States v. Royal*, 731 F.3d 333, 340 (4th Cir. 2013) (emphasis added).

Because Petitioner's original Motion to Vacate is not excused under § 2255(f)(3), it appears to have been untimely filed. The only way to save his Motion to Vacate, and by implication his Motion to Amend, then, is if equitable tolling applies. *See United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). For equitable tolling to apply, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The Court acknowledges that courts are expected to warn a petitioner that his case is subject to dismissal as time-barred and provide an opportunity to respond and

demonstrate that equitable tolling is warranted. Given that expectation, the Court will order Petitioner to respond to the Government's timeliness argument before it makes its final decision regarding Petitioner's Motion to Amend and Motion to Vacate.

Accordingly, it is this 1st day of February, 2018, by the United States District Court for the District of Maryland, hereby

**ORDERED**, that Petitioner **SHALL RESPOND within 30 days of the date of this Order** to the Government's timeliness argument asserted in the Government's Response to Petitioner's Motion to Amend (ECF No. 191) and Motion to Dismiss Petitioner's Motion to Vacate (ECF No. 183); and it is further

**ORDERED,** that the Clerk **SHALL PROVIDE** a copy of this Order to Petitioner.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE