```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MARYLAND

                                         :
UNITED STATES OF AMERICA
                                         :

     v.                                  :  Criminal Case No. DKC 10-447-2

                                         :
ARNELL JOHNSON
                                         :
```

**MEMORANDUM OPINION**

Arnell Johnson pleaded guilty to bank robbery and brandishing a firearm during a crime of violence. He was sentenced on October 20, 2011, as a career offender, to 334 months, consisting of 250 months for bank robbery and a consecutive 84-month sentence for brandishing a firearm.[1] His projected release date is not until October 15, 2034.

Mr. Johnson seeks compassionate release based on a disparity between the sentence he received and the one he allegedly might receive today combined with his record of post-offense rehabilitation. He contends that if he were sentenced today, he would not qualify as a career offender because neither of his prior convictions for attempted distribution of cocaine qualify as a "controlled substance offense" under the career offender

---

[1] The Statement of Reasons reflects that this sentence was within the guideline range, although above the mid-range "in light of the defendant's extensive criminal history." (ECF No. 120 at 2, under seal).

guideline.  He also notes that one of his co-defendants, Lamar Pannell, pleaded guilty to the same offenses and received a 141-month sentence because he did not qualify as a career offender.[2]

The Government opposes the motion, arguing that a non-retroactive change in the law that might have altered Mr. Johnson's career offender status does not constitute an "extraordinary and compelling" reason to reduce a sentence.  The government believes that Mr. Johnson is dangerous, his offense of bank robbery while armed with a rifle was serious, and an unchanged sentence would satisfy the factors under 18 U.S.C. § 3553(a)(2).  The Government further argues that Mr. Johnson should not be considered similarly situated with his co-defendants because, while they were arrested the same day as the bank robbery, he was not apprehended until months later.

Ordinarily, a court may not alter a sentence after it is imposed.  There are limited exceptions, however.  One is pursuant to 18 U.S.C. § 3582(c)(1)(A), the compassionate release statute.

---

[2] The other co-defendant, Vaughn Barksdale, the get-away driver, did qualify as a career offender and was sentenced to 250 months on the bank robbery count.  He was in Criminal History VI based on criminal history points without reference to the career offender guidelines and has a much more extensive criminal history than does Mr. Johnson.  He was not charged with the firearm offense.

2

Under that statute, a court may reduce a defendant's sentence if there are "extraordinary and compelling reasons" for the reduction that are "consistent with applicable policy statements issued by the Sentencing Commission," and the §3553(a) factors also support reduction. 18 U.S.C. § 3582(c)(1)(A). Since enactment of the First Step Act in 2018, a motion for compassionate release may be filed by a defendant on his own behalf. Pub. L. 115-391 § 603(b), 132 Stat. 5194; *see also United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (explaining that § 603(b) of the First Step Act "provides that defendants now may file motions for sentence modifications on their own behalf").

Until recently, the policy statement in the Guidelines provided that a court may reduce a sentence on motion of the Bureau of Prisons if, after considering the § 3553(a) factors, a court determines that extraordinary and compelling reasons support the reduction, that the defendant is not a danger to the community, and that the reduction is consistent with the policy statement. § 1B1.13 (2018) (amended 2023). An application note set out four categories of extraordinary and compelling reasons, a defendant's medical condition, health and age, and family circumstances, along with "other reasons." *Id.*

3

In *United States v. McCoy*, the Fourth Circuit held that there was no applicable policy statement for defendant-initiated motions and courts may consider any extraordinary and compelling reason that a defendant might propose. *McCoy*, 981 F.3d at 284. One such ground might be the length of the sentence and "the fact that [the sentence] would be dramatically shorter today[.]" *Id.* at 285. Based on *McCoy*:

> Under the Fourth Circuit's decision in *McCoy*, a sentence modification may be warranted by (1) "the disparity between" the defendant's actual sentence and the sentence the defendant would receive today; (2) "the severity of" the defendant's sentence; and (3) the defendant's "individual circumstances," including the §3553(a) factors. *McCoy*, 981 F.3d at 286.

*United States v. Clay*, No. 11-cr-569-CCB, 2022 WL 17812639, at *3 (D.Md. Dec. 19, 2022).

The Sentencing Commission has, however, adopted a new policy statement that was effective November 1, 2023. Section 1B1.13 now recognizes that a motion may be filed by a defendant based on extraordinary and compelling reasons, which include medical circumstances, a defendant's age, family circumstances, victimization while in custody, or other reasons of comparable gravity. In addition, U.S.S.G. § 1B1.13(b)(6) reads:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has

4

> served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Except as provided in that section, a change in the law, including a non-retroactive change in the guidelines, may not be considered in determining whether an extraordinary or compelling reason exists. Such a change may be considered in determining the extent of a reduction if other circumstances exist that are extraordinary and compelling. Nor may rehabilitation, by itself, be an extraordinary and compelling circumstance, although that factor may be considered along with other factors in determining whether to reduce a sentence and may influence the extent of any reduction.

Mr. Johnson argues that the new policy statement is not applicable to this motion that was filed before the effective date of the change. (ECF No. 224, at 2 n.1).

> Since *McCoy* and *Hargrove*, the 2023 Amendments have taken effect. These Amendments clarify the Commission's view on what could constitute "extraordinary and compelling reasons" for a

5

> sentence reduction under the First Step Act. *See* [*United States v.*] *Burrell*, [No. 3:04-cr-364-JAG,] 2023 WL 7726404, at *4 n.7 ("[t]he Fourth Circuit has yet to address the impact the amended Sentencing Guidelines have on *McCoy* and similar rulings or precisely how courts should apply the amended policy statement in motions for compassionate release, particularly motions filed before November 1, 2023."). The *McCoy* court has noted, however, that the Guidelines, while helpful, are merely advisory and do not bind the Court. "[D]istrict courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2ᵈ Cir. 2020)).

*United States v. Clayton*, No. 3:13-cr-189-2-MHL, 2024 WL 761858, at *5 (E.D.Va. Feb. 23, 2024). Some courts agree with Mr. Johnson:

> Here, both Lovelace's motion and the Government's response were filed before the enactment of the Sentencing Commission's new policy statement on November 1, 2023. Considering this, the Court will analyze Lovelace's arguments for establishing "extraordinary and compelling reasons" under the broader pre-policy statement "any extraordinary and compelling reason for release that a defendant might raise" standard established in *McCoy*. After conducting this analysis, the Court will evaluate whether a reduction in Lovelace's sentence is consistent with the § 3553(a) sentencing factors.

*Lovelace v. United States*, No. 4:08-cr-00060-TLW-2, 2023 WL 9002690, at *3 (D.S.C. Dec. 28, 2023) (footnote omitted).

6

It is not necessary to resolve this question definitively because Mr. Johnson appears to qualify even under the new policy guideline. He has been in custody since his arrest on December 16, 2010, clearly more than 10 years. His argument for sentencing disparity does not rely on a change in the guidelines that is not retroactive, but rather on a change in application of the guidelines. The court finds that the extremely long sentence Mr. Johnson received, based in large measure on the career offender guidelines, is significantly longer than the sentence he would have received at the time he filed his motion.

The career offender designation depended on two attempted distribution of cocaine convictions in the Superior Court of the District of Columbia. While the Government does not concede explicitly that Mr. Johnson would not be a career offender today, it acknowledges *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022). (ECF No. 219, at 17-18.)

Without the career offender designation, Mr. Johnson's offense level would be 21 and his criminal history category IV, resulting in a guideline range for the bank robbery of 57-71 months. Adding the 84 months for the firearm charge results in an overall range of 141-155 months. This is a significant difference compared with the career offender guidelines of 294-346 months.

Mr. Johnson engaged in extremely serious and dangerous conduct in June of 2010, when he and another, both brandishing weapons, entered the M&T Bank in Damascus, Maryland, ordered tellers and customers to move to the back, and demanded money. They took $13,560 and fled in a car driven by their co-defendant. The car was stopped later that day, and the three attempted to flee. The driver was apprehended at the scene and Mr. Johnson's other co-defendant was found after a short pursuit. Mr. Johnson was not apprehended for several months. The weapons and the cash were recovered in the vehicle, along with other items containing Mr. Johnson's DNA. Mr. Johnson's criminal history included juvenile convictions for drug offenses, and for carrying a pistol without a license[3], and three adult convictions for attempted distribution of cocaine.

Mr. Johnson was 28 years old at the time of sentencing and has been incarcerated now for more than 13 years. He earned his GED in 2015, worked, read broadly, participated in vocational training, and maintained a perfect disciplinary record for more

---

[3] The Presentence Report states that this conviction stemmed from an adult arrest for felony murder while armed at age 17 that was certified back to juvenile court as a manslaughter charge and the ultimate plea to carrying a pistol without a license.

8

than a decade (relatively minor incidents in 2012).  He is housed in a minimum-security facility.  His unverified release plan is to live with a friend in Dallas, Texas, and work in the friend's commercial cleaning business.

The Government argues that, despite his rehabilitative record, his very serious crime and criminal history counsel against reduction and that he presents a danger to the community.  The court disagrees.  Mr. Johnson has already served a significant sentence for his dangerous criminal conduct and, importantly, during that time has made strides toward preparing himself for release and demonstrated his ability to remain law abiding.  The sentence already served constitutes just punishment, provided needed educational and vocational training, protected the public, and has had its deterrent effect on Mr. Johnson.  He will be on supervised release for five years.

Mr. Johnson's previously imposed sentence of imprisonment of 334 months consisting of 250 months as to Count 1 and a consecutive 84 months as to Count 2 will be reduced to 184 months, consisting of 100 months on count 1 and a consecutive term of 84 months on count 2.

If this sentence is less than the amount of time the defendant already served, the sentence is reduced to time-served.  A separate order will follow.

```
               /s/
DEBORAH K. CHASANOW
United States District Judge
```